**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION**

**UNITED STATES**                                                       **PLAINTIFF**


**V.**                    **No.  2:07-CR-20056**


**ANTHONY C. GLENN**                                              **DEFENDANT**


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the court is the Defendant's Motion to Void Judgment (ECF No. 31) filed

December 27, 2010.  The United States of America filed a Response (ECF No. 33) on January 5,

2011.

### I.  Background

On June 9, 2008, the Court sentenced the defendant to 140 months imprisonment based

on the defendant's prior plea of guilty to distribution of more than 5 grams of cocaine base in

violation of title 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii).

The Defendant filed a Motion for Reduction of Sentence Base on Retroactive Guideline

Amendment, Effective November 1, 2007,  (ECF No. 21), on August 7, 2008 which was denied

by the court on August 21, 2008. (ECF No. 23).

On December 27, 2010, the defendant filed the motion which is currently before the

court which seeks to void his judgment and/or sentence based on the passage of the Fair

Sentencing Act of 2010 which increased the amount of cocaine base required for the mandatory

minimum sentences to apply.

-1-

## II. Discussion

The Defendant's argument seems to be that the judgment is void because of the enactment of the Fair Sentencing Act of 2010. (ECF No. 31).

Courts  first look to the intent of Congress in determining whether a statutory amendment is retroactive. *See, e.g., Landgraf v. USI Film Prods*, 511 U.S. 244, 280 (1994) ("When a case implicates a federal statute enacted after the events in suit, the court's first task is to determine whether Congress has expressly prescribed the statute's proper reach."). Where, as here, the amendment affects "substantive rights, liabilities, or duties" and there is no statement from Congress that the amendment affecting should apply retroactively, courts presume it applies only prospectively to future conduct. *Id*. at 278; *see also Greene v. United States*, 376 U.S. 149, 160, 84 S.Ct. 615, 11 L.Ed.2d 576 (1964) ("[T]he first rule of [statutory] construction is that legislation must be considered as addressed to the future, not to the past." (quotation marks omitted)).

This result is confirmed by the well-settled rule that in the absence of contrary Congressional intent, an amendment changing the available punishment for a crime applies prospectively, not retroactively. *See 1 U.S.C.* § 109 ("The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability."); *Warden, Lewisburg Penitentiary v. Marrero*, 417 U.S. 653, 661, 94 S.Ct. 2532, 41 L.Ed.2d 383 (1974) (collecting cases for the proposition that 1 U.S.C. § 109 "has been held to bar application of ameliorative criminal

sentencing laws repealing harsher ones in force at the time of the commission of an offense").
*U.S. v. King,* 2010 WL 3490266, 2 (M.D.Fla.) (M.D.Fla.,2010).

The Sixth Circuit has previously held that the "Fair Sentencing Act of 2010 contains no express statement that it is retroactive nor can we infer any such express intent from its plain language." *See U.S. v. Carradine,* 2010 WL 3619799, 5 (C.A.6 (Ohio, 2010)). The Western District of Louisiana (*U.S. v. Steglich*, 2010 WL 3810631, 1 (W.D.Va.) (W.D.Va.,2010)), the Eastern District of Louisiana (*U.S. v. Magee,* 2010 WL 3829349, 1 (E.D.La.) (E.D.La.,2010)), the Northern District of West Virginia (*Barker v. U.S.*, 2010 WL 3944769, (N.D. W.Va)), and the Middle District of Florida (*U.S. v. King,* 2010 WL 3490266, 2 (M.D.Fla.) (M.D.Fla.,2010)) have also held the Act to not be retroactive.

In addition the 8th Circuit has implied that the Act is only applied prospectively by the following statement in FN7 in U.S. v. Brewer "[I]n any event, the letter raises no issues of import because the Fair Sentencing Act contains no express statement that it is retroactive, and thus the "general savings statute," 1 U.S.C. § 109, requires us to apply the penalties in place at the time the crime was committed. *U.S. v. Brewer,* 624 F.3d 900, 909 (C.A.8 (Iowa),2010).

A judgment may only be voided where " the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." 11 C. Wright & A. Miller, Federal Practice & Procedure § 2862, at 198 (1973). See also, *United States v. Zima*, 766 F.2d 1153, 1159 (7th Cir. 1985) ("A void judgment is one which, from its inception, was a complete nullity and without legal effect.").  No Due Process violation occurred because the Defendant was sentenced pursuant to the law in effect at the time of

sentencing.

### III.  Conclusion

Based upon the forgoing I recommend that the instant motion be **DENIED WITHOUT PREJUDICE** to Defendant's filing a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(B) should Congress act to make the Fairness in Sentencing Act of 2010 retroactive.

**The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1).  The failure to file timely written objections may result in a waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Dated this January 7, 2011.

/s/ J. Marschewski
HONORABLE JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE